UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

      Plaintiff,

V.                                              CIVIL ACTION NO

GLOBAL CREDIT NETWORK, L.L.C

Defendant.                                     JUNE 22, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a domestic limited liability company engaged in the business of collecting debts in the State of Maryland with a principal place of business located 20010 CENTURY BLVD., STE 420, GERMANTOWN, MD 20874-1151 and is

authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt to Fort Washington Hospital Account no 754961.

9. The Defendant contacted the Plaintiff by letters dated March 23, 2011, April 25, 2011 and May 20, 2011.

10. Based on information and belief the Defendant made numerous phone calls to the Plaintiff in an attempt to collect a debt, which was harassing and violated the FDCPA.

11. The Plaintiff contacted the Defendant via telephone on or about June 20, 2011 in response to the Defendants prior communications, attempting to collect a debt.

12. Defendant through their collection agent who identified herself as Magy would not take Plaintiff's. In additional Defendant through their collection agent stated that she would not report the disputed debt to the credit bureaus.

13. Defendant in their collection letter dated May 20, 2011, specifically stated that Plaintiff's credit history is extremely important and that she should protect her

credit rating, and that Defendant would report the account as overdue to the National Credit Reporting agencies.

14. Defendant violation §1692e (8) by Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15. The Defendant does not maintain procedures in place adequately designed to avoid the violation(s) of the FDCPA.

16. Defendants failed to provide a proper disclosure of the rights of consumers such as Ms. Kayren to obtain debt validation under the FDCPA ("Validation Disclosure").

17. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18. Defendant in its collection letter dated (Exhibit "1" dated March 23, 2011) advised the Plaintiff pursuant to §1692g (4) that "*If you notify this*

*office in writing **within 30 days from receiving this notice** we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."*

19. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

20. Defendant failed to advise the Plaintiff that she could dispute "a portion of the debt" and by that omission violated §1692g (4). §1692g (4) properly states "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

21. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e and f and g.

## SECOND COUNT:

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

23. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

24. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award the Plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com